IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

vs.                                                          CASE NO.: 1:08cr4-SPM

CLARENCE DARNELL MARSHALL,

     Defendant.
_____/

### ORDER DENYING MOTION TO MODIFY UNDER 18 U.S.C. § 3582

This cause comes before the Court on Defendant's letter dated November 6, 2011 (doc. 363), which has been treated as a motion to reduce sentence under the retroactive crack cocaine amendment (Amendment 750) and 18 U.S.C. § 3582(c). The Government filed a response in opposition (doc. 364).

Upon review, the Court finds that Defendant is not entitled to a sentence reduction because application of the guideline amendment results in no change to his sentencing range. Defendant was held accountable for 7 kilograms of cocaine base, which under the amended drug quantity table corresponds to a base offense level of 36. Defendant's offense level is subject to a 2 point increase under USSG § 3C1.1 for obstruction of justice, setting his total offense level at 38. With a criminal history category of VI, Defendant's guideline range is

360 months to life imprisonment, which is the same guideline range the Court used when Defendant was sentenced on May 5, 2009.

Furthermore, an alternative calculation of Defendant's guideline range using the career offender provision results in the same guideline range of 360 months to life imprisonment.  Under the career offender provision, USSG § 4B1.1, Defendant's offense level is at level 37 and his criminal history category is VI.  The guideline range is 360 months to life imprisonment.

Defendant's sentencing range remains the same under the amended guidelines.  With a criminal history category of VI, Defendant is in the area of the sentencing table where multiple offense levels (37 through 42) result in the same guideline range of 360 months to life imprisonment.  Because Defendant's sentencing range does not change under the retroactive amendment, Defendant is not eligible for a sentence reduction.  See United States v. Hankerson, 224 Fed. App'x 900 (11th Cir. 2007).  Accordingly, it is

ORDERED AND ADJUDGED that motion to reduce sentence (doc. 363) is denied.

DONE AND ORDERED this 5th day of January, 2012.

*s/ Stephan P. Mickle*
Stephan P. Mickle
Senior United States District Judge

CASE NO.: 1:08cr4-SPM