IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.

CASE NO. 1:08-cr-4-RV-GRJ

CLARENCE DARNELL MARSHALL,
_________________________________/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 348, Defendant's amended motion to vacate pursuant to 28 U.S.C. § 2255. The motion stems from Defendant's conviction of one count of conspiracy to distribute and possess with intent to distribute more than 5 kilograms of cocaine and more than 50 grams of crack cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A)(ii) and (iii) for which Defendant received a sentence of 360 months imprisonment. Defendant contends that his trial counsel rendered ineffective assistance by failing to advise him adequately regarding the benefits and consequences of entering a guilty plea versus going to trial. Upon due consideration, and for the following reasons, the undersigned recommends that the motion to vacate be denied.[1]

### I. Background

Defendant and seven co-defendants were charged by indictment on February 26, 2008 with one count of conspiracy to distribute and possess with intent to distribute

[1] The issues presented by the motion may be resolved on the basis of the record, and therefore no evidentiary hearing is necessary. *See* Rule 8, Rules Governing Section 2255 Proceedings.

more than 5 kilograms of cocaine and more than 50 grams of crack cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A)(ii) and (iii). (Doc. 1.) Defendant pled not guilty and was tried before a jury on January 12 and 13, 2009. (Docs. 235, 237.) The jury found the Defendant guilty of the single count charged. (Doc. 237.) The Presentence Report ("PSR") provided that Defendant's base offense level was 40 and his criminal history category was VI, with a sentencing guideline range of 360 months to life imprisonment. (PSR, at 28.) In the PSR Defendant was categorized as a career offender under United States Sentencing Guidelines ("USSG") § 4B1.1, due to his prior felony controlled substance offenses of Sale of Substance in Lieu of Cocaine and Possession of Cocaine with Intent to Sell. *Id.* at 8. On May 5, 2009, Defendant was sentenced to 360 months imprisonment followed by 5 years supervised release. (Doc. 312.) Defendant did not appeal his conviction and sentence.

Defendant filed the instant amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on April 26, 2010. Defendant contends that his trial counsel was ineffective for failing to advise him to plead guilty so that he could receive a two-point reduction in his offense level under the sentencing guidelines. (Doc. 348.)

## II. <u>Ineffective Assistance of Counsel</u>

Because Defendant's claims raise the issue of counsel's effectiveness, a review of *Strickland v. Washington*, 466 U.S. 668 (1984), is appropriate. To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy. *Strickland*, 466 U.S. at 686.

The court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong. *Id*. at 697. The court need not address the adequacy of counsel's performance when a defendant fails to make a sufficient showing of prejudice. *Id.; see also Tafero v. Wainright*, 796 F.2d 1314, 1319 (11th Cir. 1986).

With regard to the performance prong of *Strickland*, a defendant must provide factual support for his contentions that counsel's performance was constitutionally deficient. *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir. 1987). The court must consider counsel's performance in light of all of the circumstances at that time and indulge in a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance. *Strickland*, 466 U.S. at 689-90. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001) (emphasis omitted). This standard is objective, and "it matters not whether the challenged actions of counsel were the product of a deliberate strategy or mere oversight." *Gordon v. United States*, 496 F.3d 1270, 1281 (11th Cir. 2007). "The relevant question is not what actually motivated counsel, but what reasonably could have motivated counsel." *Id*. "An ambiguous or silent record is not sufficient to disprove the strong and continuing presumption . . . that [counsel] did what he should have done and that he exercised reasonable professional judgment." *Chandler v. United States*, 218 F.3d 1305, 1314 n.15 (11th Cir. 2000) (en banc). "The relevant question is not whether counsel's choices were strategic, but whether they were reasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000). There are no

"absolute rules" for determining whether counsel's actions were indeed reasonable, as "[a]bsolute rules would interfere with counsel's independence–which is also constitutionally protected–and would restrict the wide latitude counsel have in making tactical decisions." *Putnam v. Head*, 268 F.3d 1223, 1244 (11th Cir. 2001). "To uphold a lawyer's strategy, [the Court] need not attempt to divine the layer's mental processes underlying the strategy." *Chandler*, 218 F.3d at 1315 n.16. "No lawyer can be expected to have considered all of the ways [to provide effective assistance]." *Id*.

> If a defense lawyer pursued course A, it is immaterial that some other reasonable courses of defense (that the lawyer did not think of at all) existed and that the lawyer's pursuit of course A was not a deliberate choice between course A, course B, and so on. The lawyer's strategy was course A. And [the Court's] inquiry is limited to whether this strategy, that is, course A, might have been a reasonable one.

*Id*.

To show prejudice, a defendant must show more than simply that counsel's unreasonable conduct might have had "some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Instead, a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A "reasonable probability is defined as a probability sufficient to undermine confidence in the outcome." *Id*. Of particular relevance to this case, where a defendant challenges a not-guilty plea based on ineffective assistance of counsel, he must "show that there is a reasonable probability that, but for counsel's errors, he would have pleaded guilty and would not have insisted on going to trial." *Coulter v. Herring*, 60 F.3rd 1499, 1504 (11th Cir. 1995) (internal quotations omitted).

Finally, the Eleventh Circuit has recognized that given the principles and

presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." *Chandler*, 218 F.3d at 1313 (11th Cir. 2000). This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether a reasonable lawyer could have acted in the circumstances as defense counsel acted. *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000).

## III. Discussion

The only claim in Defendant's motion is that his trial counsel did not adequately advise him regarding the benefits and consequences of pleading guilty versus going to trial. Defendant contends that his trial counsel failed to inform him that if he pled guilty, he could receive a two-point reduction in his offense level under the Sentencing Guidelines, for acceptance of responsibility. Defendant contends that if he had been aware of the possibility of a "reduction in sentence," he would have pled guilty. Defendant further contends that he likely would have received not only the two-point reduction under USSG § 3E1.1(a), but an additional one-point reduction under § 3E1.1(b) (applying to base offense levels higher than 16).

Defendant's trial counsel submitted an affidavit explaining why he advised Defendant to go to trial rather than plead guilty. (Doc. 352-1.) Counsel avers that the Defendant qualified for an enhanced sentence based on his criminal history. Because Defendant had two prior felony convictions for controlled substance offenses, he faced a potential mandatory minimum life sentence. However, before the government can seek an enhanced sentence the government is required by 21 U.S.C. § 851 to file an information detailing Defendant's prior convictions. The government in this case did not

file the required notice. In his affidavit, Defendant's counsel asserts that he was concerned that a "plea would have given notice to the Prosecutor that the notice required under 21 U.S.C. § 851 had not been given." *Id.* According to Defendant's counsel, the "only way to preserve this issue was to proceed to trial and argue the issue at sentencing. This was done and instead of a mandatory life sentence, the petitioner received a 30 year sentence." *Id.* In short, Defendant's counsel apparently recognized that if the government had been given more time in the event a plea was scheduled the government might have filed the § 851 information, thus subjecting the Defendant to a mandatory life sentence.

The Defendant cannot show that his counsel's strategic decision amounted to constitutionally deficient performance. Counsel reasonably suspected that a guilty plea – in which the Government would carefully review Defendant's criminal history to determine the maximum sentence – might have alerted the prosecutor that a § 851 notice had not been filed, thus prompting the government to file the notice if the government wanted to request a sentence with the enhanced penalty. As it turns out even with the career offender enhancement under the Sentencing Guidelines that applied, Defendant's guideline sentence range was 360 months to life imprisonment – a guideline sentence less than the sentence the Defendant would have received had the government filed the § 851 notice. Accordingly, it follows that the performance of Defendant's trial counsel was not constitutionally deficient.

The Defendant still loses on his § 2255 motion even if the decision of Defendant's counsel to go to trial rather than entering a plea is considered deficient under *Strickland* because Defendant cannot show that he was prejudiced in any way.

Defendant alleges that if he pled guilty he likely would have received at least a two-point, and perhaps a three-point, reduction in his offense level for acceptance of responsibility. The Sentencing Guidelines § 3E1.1(a), entitled Acceptance of Responsibility, provides in relevant part that, "If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels." This section goes on to provide that where the base offense level is higher than 16 and the defendant timely pleads guilty, an additional one-point reduction may be awarded upon motion of the Government. The Application Notes to this section state:

> Entry of a plea of guilty prior to the commencement of trial combined with truthfully admitting the conduct comprising the offense of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which he is accountable under §1B1.3 (Relevant Conduct) (see Application Note 1(a)), will constitute significant evidence of acceptance of responsibility for the purposes of subsection (a). However, this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility. A defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right.

U.S. SENTENCING GUIDELINES MANUAL § 3E1.1(a) application n. 3.

"The defendant bears the burden of clearly demonstrating acceptance of responsibility and must present more than just a guilty plea." *U.S. v. Sawyer*, 180 F.3d 1319, 1323 (11th Cir. 1999). Defendant's conclusory assertion that he would have received a two- or three-point reduction in his offense level if he had pled guilty is speculative, particularly on this record. The PSR provides that Defendant received an increase in his base offense level for obstruction of justice because there were recorded telephone calls evidencing that Defendant was planning to kill a co-defendant and Government witness. (PSR, at 5, 8.) As the Defendant's counsel points out in his affidavit the obstruction of justice enhancement "almost always precludes the Petitioner being given

an acceptance of responsibility." (Doc. 352-1, at 2.) As such, Defendant's assertion that he would have received the acceptance of responsibility reduction under these circumstances is purely speculative.

Defendant's argument that he was prejudiced further fails because even if the Defendant had received the three level reduction in his base offense level for acceptance of responsibility his guideline sentence still would have been the same. A three level reduction in the base offense level would have decreased the base offense level from 40 to 37. The guideline sentence for a defendant with a base offense level of 37 and a criminal history category of VI is 360 months to life imprisonment – the same guideline range under which the Defendant actually was sentenced. Accordingly, because Defendant's assertion that he would have received a lower sentence is incorrect the Defendant cannot demonstrate prejudice under *Strickland* and, therefore, Defendant's claim is due to be denied.

## IV. Conclusion

In light of the foregoing, it is respectfully **RECOMMENDED:**

Defendant's Amended Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255, Doc. 348, should be **DENIED** and the Court should deny a certificate of appealability.

**IN CHAMBERS** in Gainesville, Florida this 21st day of May 2013.

s/ Gary R. Jones
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**